

**ORDERED in the Southern District of Florida on May 30, 2012.**

*Erik P. Kimball, Judge*
*United States Bankruptcy Court*

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No. 10-38136-EPK |
| TIMOTHY L. ALLEN and<br>LESLIE N. ALLEN, | Chapter 7 |
|     Debtors.<br>_____/ | |
| LEONARD SILVESTRI and<br>ENTRUST ADMINISTRATION<br>SERVICES, INC., | |
|     Plaintiffs, | |
| v. | Adv. No. 10-03813-EPK |
| TIMOTHY L. ALLEN, | |
|     Defendant.<br>_____/ | |

**ORDER GRANTING MOTION FOR AWARD OF
PREVAILING PARTY ATTORNEY'S FEES AND COSTS**

THIS MATTER came before the Court for preliminary hearing on March 22, 2012, status conference on April 12, 2012, and evidentiary hearing on May 25, 2012, upon the

*Defendant's Motion for Award of Prevailing Party Attorney's Fees and Costs* [ECF No. 87] (the "Motion") filed by Timothy L. Allen (the "Defendant").  At the conclusion of the March 22, 2012 hearing, the Court ruled that the Defendant is entitled to fees and costs as the prevailing party in this adversary proceeding and scheduled a status conference on April 12, 2012 to address the amount of such fees and costs.  Following the April 12, 2012 status conference, the Court scheduled an evidentiary hearing to determine the amount of fees and costs to be awarded.  At the May 25, 2012 evidentiary hearing, Leonard Silvestri and Entrust Administration Service, Inc. (together, the "Plaintiffs") and the Defendant stipulated that the Defendant incurred reasonable fees and costs in defending this adversary proceeding in the amount of $30,000.[1]

In 2007, the Plaintiffs lent money to a company owned by the Defendant.  The Defendant personally guaranteed the loans.  The company defaulted on the loans, and the Plaintiffs filed a collection action in a Florida state court against the company and the Defendant.  The Plaintiffs obtained a judgment on the pleadings against the Defendant and the company in the state court.  Although the Plaintiffs' state court complaint requested attorney's fees, the state court judgment is for principal and interest only.[2]  The state court judgment did not award legal fees nor did it specifically deny the Plaintiffs' request for legal fees.

After entry of the state court judgment in favor of the Plaintiffs, the Debtor filed a chapter 7 petition in this Court.  The Plaintiffs filed a timely Complaint commencing the above-captioned adversary proceeding.  As originally presented the Complaint had four

---

[1] The Plaintiffs do not concede liability and agree only to the amount of the Defendant's fees and costs for purposes of this ruling.
[2] In their Complaint here, the Plaintiffs represent that the "Plaintiffs secured a judgment against Defendant in Circuit Court for the principal, interest, fees, and costs due under the loans to Defendant's company."  However, the amount awarded in the state court judgment is exactly equal to the amount of principal and interest requested in the state court complaint.

2

counts under 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6), and 727(a).  Among other things, the Plaintiffs allege that the Defendant induced them to make the loans, and later enticed them to withdraw a demand for payment, by misrepresenting the nature of the investment and the likelihood of potential repayment.  On the Defendant's motion, the Court dismissed three counts of the Complaint and the matter went to trial on a single count under 11 U.S.C. § 523(a)(2).  At trial the Plaintiffs were not successful in meeting their burden of proof and the Court entered judgment in favor of the Defendant on March 5, 2012.  No appeal was taken.

After entry of judgment here, the Defendant filed the present Motion requesting an order of this Court awarding prevailing party attorney's fees under the original promissory notes and Fla. Stat. § 57.105(7).

Each of the promissory notes includes the following language:

In the event counsel is employed by the Lender to collect this obligation or to protect the security or to enforce the Guaranty hereof, the Borrower agrees to pay attorney's fees of twenty-five percent (25%) of the indebtedness owed hereunder, whether suit be brought or not, and all other costs and expenses reasonably connected with collection, which fees, costs and expenses shall be added to the principal amount of this Note and shall be payable by the Borrower upon demand by the Lender, together with interest thereon from the date incurred by the Lender.

Fla. Stat. § 57.105(7) provides as follows:

If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.  This subsection applies to any contract entered into on or after October 1, 1988.

The parties do not dispute that the promissory notes provided the Plaintiffs with a right to attorney's fees.  The parties also do not dispute that section 57.105(7) of the Florida Statutes would cause this right to be reciprocal in favor of the Defendant.  The disagreement here focuses on the effect of the intervening state court judgment awarding

3

damages in favor of the Plaintiffs. The Plaintiffs argue that their right to payment – the "debt" subject to potential exception from discharge under 11 U.S.C. § 523(a) – was founded solely on the state court judgment. The Plaintiffs argue that the promissory notes were merged into the state court judgment and were no longer separately enforceable. Thus, the Plaintiffs argue, when the Complaint was filed here they had no contractual ability to recover attorney's fees from the Defendant and the Defendant had no reciprocal right under the Fla. Stat. § 57.105(7).

The 11th Circuit Court of Appeals has twice considered the application of attorney's fees in the context of dischargeability actions in bankruptcy. *TranSouth Fin. Corp. of Florida v. Johnson*, 931 F.2d 1505 (11th Cir. 1991); *Cadle Co. v. Martinez (In re Martinez)*, 416 F.3d 1286 (11th Cir. 2005). In *TranSouth*, the 11th Circuit ruled that '[o]nce a debt has been determined nondischargeable, a creditor's attorney's fees, if provided for by contract, are included as part of the nondischargeable debt." 931 F.2d at 1505. In *Martinez*, the 11th Circuit ruled that a debtor successful in defending a dischargeability action may be entitled to an award of attorney's fees under Fla. Stat. § 57.105. 416 F.3d at 1290-91. Neither case involved a pre-petition judgment and so neither case directly answers the question presented here.

The Court was able to find only one reported decision addressing the Plaintiffs' argument that merger of the notes into the state court judgment eliminated the Plaintiffs' ability to enforce the contractual attorney's fee provision and thus the reciprocal right of the Defendant under the Florida Statutes. In *Karve Family L.P. v. Mowji (In re Mowji)*, the court ruled that "because Plaintiff has consistently asserted its right to attorney's fees in this proceeding it is now judicially estopped from asserting a contrary position in this matter." 228 B.R. 321, 324 (Bankr. M.D. Fla. 1999) (internal citations omitted). The Plaintiffs did not limit their request for relief from this Court to the debt represented by the

4

state court judgment. In their Complaint, the Plaintiffs requested actual damages and punitive damages and demanded judgment that all such damages be excepted from discharge. While the Plaintiffs did not specifically include the words "attorney's fees" in the Complaint, had the Plaintiffs been successful the Court would have considered the request for relief broad enough to encompass damages in the form of legal fees incurred in this adversary proceeding. Although not on all fours with *Mowji*, the Plaintiffs are nevertheless estopped from arguing that their Complaint here seeks only to except the state court judgment from discharge. Even if it had, the Court's analysis would not end there.

At first glance, the 11th Circuit's rulings in *TranSouth* and *Martinez* appear to support the Plaintiffs' argument. In each case, the court noted that the fees at issue were provided for by an enforceable contract. *TranSouth*, 931 F.2d at 1509; *Martinez*, 416 F.3d at 1290. If it is necessary to have an enforceable contract under Florida law as of the filing of the Complaint here and the promissory notes here fully merged into the state court judgment, leaving no enforceable contract, then the Plaintiffs had no contractual basis to request legal fees and the Defendant has no reciprocal right to legal fees.

But this analysis goes one step too far. A close review of *TranSouth* and *Martinez* shows that the 11th Circuit focused its review on whether the contractual obligation was generally an enforceable agreement under state law, not when it was enforceable. The question is not whether the Plaintiffs had a contractual right to legal fees at the time they filed the Complaint here. The question is whether Plaintiffs would have been entitled to such fees under Florida law in an action to liquidate their claim, in this Court or in another court. "To deny a debtor attorney's fees and costs for prevailing in a dischargeability proceeding brought by a creditor, where those same fees would have been available under state contract law for the creditor had it prevailed, would contravene the primary purpose of the bankruptcy statute, which is 'to relieve the honest debtor from the weight of

5

oppressive indebtedness and permit him to start afresh.'" *Martinez*, 416 F.3d at 1291 (quoting *TranSouth*, 931 F.2d at 1508).

The 11th Circuit further bolstered this view by ruling in *Martinez* that an award of legal fees may include fees for legal work in presenting or defending the dischargeability action under 11 U.S.C. § 523(a) in addition to, or even in the absence of, fees for legal work aimed at liquidating the debt that would be subject to exception from discharge. *Martinez*, 416 F.3d at 1290-91 (the "award of attorney's fees is without regard to whether 'state law issues' were 'actually litigated' in the bankruptcy dischargeability proceedings . . . ."). Thus, where there is a contractual basis for an award of legal fees, such fees may be awarded even if the only matter presented in this Court is whether a previously liquidated debt should be excepted from discharge.

Under the Plaintiffs' view, if the Defendant had filed a bankruptcy petition prior to entry of judgment in the state court, the Plaintiffs would be permitted to seek legal fees as a component of their dischargeability action and the Defendant would be empowered to take advantage of the reciprocity provision in the Florida Statutes. The Plaintiffs argue that because the Defendant did not file his bankruptcy petition until after the state court judgment was entered, the result is the opposite for both parties. Only a hyper-technical analysis of state law would lead to this conclusion. The Court does not believe such an outcome follows from the 11th Circuit's exposition in *Martinez* and *TranSouth*.

Even if it is relevant whether the Plaintiffs had a viable contractual basis for recovery of legal fees under Florida law at the time of the filing of the Complaint here, the doctrine of merger does not eliminate potential recovery under the promissory notes for additional legal fees incurred in obtaining a dischargeability determination. The doctrine of merger is narrow. It extinguishes only the cause of action on which a judgment is based. *Diamond R. Fertilizer Co., Inc. v. Lake Packing P'ship*, 743 So. 2d 547, 549 (Fla. 5th DCA,

1999) (internal citation omitted). The Complaint filed here seeks a dischargeability determination. This cause of action could not possibly have been included in the state court action as the Defendant's bankruptcy case had yet to be filed.[3] The Complaint included a broad request for damages that would encompass additional legal fees. It was, in part, an attempt to liquidate an additional debt under the promissory notes. Because such cause of action was not and could not have been included in the state court action, it is not precluded under the doctrine of merger. At the time the Complaint was filed here, the Plaintiffs had a continuing ability to pursue such additional damages under the promissory notes. This is sufficient to support the Defendant's reciprocal right under Fla. Stat. § 57.105(7).

For the foregoing reasons, and for the reasons stated on the record at the hearing on March 22, 2012, it is **ORDERED AND ADJUDGED** that:

1.    The Motion [ECF No. 87] is GRANTED.

---

[3] State courts have concurrent jurisdiction to hear dischargeability actions under 11 U.S.C. § 523(c). The sole source of federal subject matter jurisdiction for bankruptcy matters is 28 U.S.C. § 1334. Exclusive bankruptcy jurisdiction in the district courts is limited to "cases under title 11," meaning bankruptcy cases themselves. 28 U.S.C. § 1334(a). That is, a bankruptcy petition may only be filed in the federal courts. The district court has original but not exclusive jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Unless specifically addressed in another Act of Congress, all actions arising under, arising in or related to cases under title 11 may be heard in a federal or a state court. Bankruptcy matters covered by sections 1334(a) and (b) are subject to referral to the bankruptcy courts under 28 U.S.C. § 157(a), and all bankruptcy matters have been so referred in this District. While 28 U.S.C. § 157 addresses various types of claims that are considered "core" and thus may be subject to final order or judgment in the bankruptcy court, and this includes "determinations as to the dischargeability of particular debts" under subsection (b)(2)(I), section 157 "does not implicate questions of subject matter jurisdiction." *Stern v. Marshall*, 131 S.Ct. 2594, 2607 (2011). A dischargeability action may be pursued in state court. *See Stern*, 131 S.Ct. at 2628 (Breyer J., dissenting) (suggesting that a dischargeability action under 11 U.S.C. § 523(a)(6) may be pursued in a state or federal court). Why then are there not more dischargeability actions filed in the state courts? The answer is that the automatic stay under 11 U.S.C. § 362(a) prevents them from proceeding. A bankruptcy court may grant relief from stay under 11 U.S.C. § 362(d), or may abstain under 28 U.S.C. § 1334(c), to permit a determination of dischargeability in another court of competent jurisdiction, typically along with liquidation of the debt. In most cases, however, it is more appropriate to address dischargeability matters in the bankruptcy court.

2. The Plaintiffs are directed to pay to the Defendant, on a joint and several basis, the sum of $30,000.00, plus interest from the date of entry of this order pursuant to 28 U.S.C. § 1961, for all of which let execution issue.

###

Copies furnished to:

Nathan G. Mancuso, Esq.

*Nathan G. Mancuso, Esq. is directed to serve a copy of this Order on all appropriate parties and to file a certificate of service with the Court.*